IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE: : CASE NO. 09-06219 (ESL)

LUIS FRANCISCO CONCEPCION CRUZ :
JACKELINE DIAZ SANCHEZ   CHAPTER 13  FILED & ENTERED

Debtors : OCT 7 2010

U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

This case is before the court upon the Chapter 13 Trustee's motion objecting the confirmation of Debtors' Chapter 13 plan based upon the allegedly excessive educational expenses for Debtors' two (2) children (Docket No. 28). Debtors filed their reply to the Chapter 13 Trustee's objection to their plan confirmation (Docket No. 37) arguing that; (i) the auxiliary benefits both children receive under the Social Security Act are excluded from disposable income pursuant to 11 U.S.C. §101(10A)(B) and thus, Debtors may use these auxiliary benefits exclusively for the education of their children; (ii) the educational expenses incurred for Debtors' two (2) children are reasonable given the inadequacy of the Puerto Rico public school system. For the reasons stated herein the court denies the Chapter 13 Trustee's objection to Debtors' plan confirmation and orders Debtors to submit evidence regarding the $200.00 of the prorated monthly expense for school books, materials, uniforms listed as part of line item #17- Other on Schedule J-Current Expenditures Of Individual Debtor(s) and evidence of the annual school tuition expense for both children.

*Background*

Debtors filed a bankruptcy petition under Chapter 13 of the Bankruptcy Code on July 30, 2009. Debtors filed their Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income-Official Form 22C ("Form 22C"). The Debtors' household consists of four (4) persons, and Debtors have a household income that is above the median for a household of four (4) persons in the Commonwealth of Puerto Rico. Debtors' Form 22C indicated that Debtors have a current monthly income of $3,284.74 (line item #20 of Form 22C) and annualized income of $39,416.88 (line item #21 of Form 22C). Debtors' monthly disposable income

according to Form 22C results in a deficit of ($2,188.71)(line item 59 of Form 22C), given that the total deductions allowed under 11 U.S.C. §707(b)(2) of the Bankruptcy Code as indicated in Form 22C amount to $5,473.45 (line item 58 of Form 22C). Debtors' Schedule I- Current Income of Individual Debtors (s) indicates that Debtors combined average monthly income is $4,658.96 which includes social security benefits (disability insurance benefits) of $1,550.00 corresponding to Debtor Luis Francisco Concepción and $774.00 ($337.00 per child) of auxiliary benefits that Debtors' children receive on a monthly basis. Debtors' Schedule J- Current Expenditures of Individual Debtor(s) lists average monthly expenses of $4,258.96, which includes $770.00 for school tuition, $200.00 for prorated expenses for school books, uniforms and materials and $50.00 for school lunches. Debtors Chapter 13 Plan (Docket No. 13) proposes to make 51 monthly payments of $400.00 and 9 monthly payments of $800.00 for a proposed base of $27,600 over a sixty (60) month period. Debtors' proposed plan is funded partially by Debtor's Luis Francisco Concepción's monthly disability insurance benefits, which he receives under the Social Security Act.

On February 26, 2010 the Chapter 13 Trustee filed an objection to confirmation based on the following arguments: (i) Debtors' education expenses for their two (2) children as listed in Schedule J are unreasonable and excessive (combined annual tuition expense of $10,140.00); (ii) Debtors' education expenses for private schooling are much higher than the limits established under Section 707(b)(2(A)(ii)(IV), namely $1,650 per year per child to attend private school, for an above median Chapter 13 debtor; (iii) Debtors' fail to provide evidence as to the reasonableness of the private education expenses for their two (2) children and supporting documentation for Debtors' expenses for books, materials, uniforms, etc.; (iv) the auxiliary benefits received by the two (2) minors from the Social Security Administration should be used for the best interest and maintenance of all expenses of the children, not just educational expenses; and (v) Debtors' fail to satisfy the requirements of Sections 1325(a)(3), 1325(a)(6) and 1325(b)(1)(B), given that the same must propose a feasible plan in which debtors make a good faith effort to repay the maximum amount of monies to their creditors. (Docket No. 28).

In their reply to the Chapter 13 Trustee's objection to their plan, Debtors' present the following arguments: (i) social security benefits are specifically excluded pursuant to Section

101(10A)(B) from debtor's current monthly income, as well as for calculating projected disposable income for purposes of Section 1325(b)(1)(B), thus social security benefits received by debtor's children must also be excluded; (ii) Debtor Luis Francisco Concepción in good faith has included the totality of his social security benefits as part of his monthly income in order to make payments to unsecured creditors under the plan; (iii) the social security benefits received by Debtors' children are excluded from Debtors' disposable income and are used solely to fund their private education expenses; (iv) Debtors' children educational expenses are reasonable since the school which the children attend is not one of the most expensive schools in Puerto Rico; and (v) this Honorable Court may take judicial notice that Puerto Rico's public school system is in dire decadence and the quality of public education is very poor. (Docket No. 37).

*Applicable Law & Analysis*

A determination of the amounts that an above-median income Chapter 13 debtor must pay unsecured creditors under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("BAPCPA") has two basic components, income and expenses. Under Section 1325(b)(1)(B)[1], if the trustee or an unsecured creditor objects to confirmation of the plan, the

---

[1] Section 1325(b) provides:
(b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan–
(A) the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or
(B) the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan.

(2) For purposes of this subsection, the term "disposable income" means current monthly income received by the debtor (other than child support payments, foster care payments, or disability payments for a dependent child made in accordance with applicable nonbankruptcy law to the extent reasonably necessary to be expended for such child) less amounts reasonably necessary to be expended–
(A)(i) for the maintenance or support of the debtor or a dependent of the debtor, or for a domestic support obligation, that first becomes payable after the date the petition is filed; and
(ii) for charitable contributions (that meet the definition of 'charitable contribution' under

3

bankruptcy court may not confirm the plan unless the plan, "provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan." 11 U.S.C. §1325(b)(1); See In re Padilla, 2009 Bankr. Lexis 2701(Bankr. D.P.R. 2009). The Debtors bear the burden of establishing that their proposed plan is confirmable. See In re McCarty, 376 B.R. 819, 821 (Bankr. N.D. Ohio 2007). The Bankruptcy Code does not define projected disposable income. However, the Supreme Court, in Hamilton v. Lanning held that a bankruptcy court must use the forward looking approach (rather than the mechanical approach) when calculating a debtor's "projected disposable income," to account for changes in the debtor's income and/or expenses that are known or almost certain at the time of confirmation. Hamilton v. Lanning, 130 S. Ct. 2464, 177 L. Ed. 2d 23 (U.S. 2010). However, debtor's "projected disposable income" will be limited to his disposable income if there are no changes in debtor's income or expense that are known or virtually certain at the time of confirmation. Id.

Disposable income for an above median debtor is defined as debtor's current monthly income, minus the amounts reasonably necessary to be expended as determined pursuant to Section 707(b)(2)(A) and (B). 11 U.S.C. 1325(b)(2) & (b)(3). Section 101(10A) defines current monthly

---

section 548(d)(3) to a qualified religious or charitable entity or organization (as defined in section 548(d)(4) in an amount not to exceed 15 percent of gross income of the debtor for the year in which the contributions are made; and
(B) if the debtor is engaged in business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business.

(3) Amounts reasonably necessary to be expended under paragraph (2), other than subparagraph (A)(ii) of paragraph (2), shall be determined in accordance with subparagraphs (A) and (B) of section 707(b)(2), if the debtor has a current monthly income, when multiplied by 12, greater than–
(A) in the case of a debtor in a household of 1 person, the median family income of the applicable State for 1 earner;
(B) in the case of a debtor in a household of 2, 3, or 4 individuals, the highest median income of the applicable State for a family of the same number or fewer individuals; or
(C) in the case of a debtor in a household exceeding 4 individuals, the highest median family income of the applicable State for a family of 4 or fewer individuals, plus $575 per month for each individual in excess of 4." 11 U.S.C. §1325(b).

income as:

> "... the average monthly income from all sources that the debtor receives (or in a joint case the debtor and the debtor's spouse receive) without regard to whether such income is taxable income, derived during the 6-month period." 11 U.S.C. §101(10A).

It must be noted that Section 101(10A)(B)[2] specifically excludes certain categories from current monthly income, such as benefits received under the Social Security Act. See In re Thompson, — B.R. —, 2010 WL 3583400 (B.A.P. 8th Cir. 2010). Moreover, the Eight Circuit in In re Carpenter, recently ruled that the antiassignment provision of the Social Security Act, 42 U.S.C. §407[3], operates as a complete bar to the forced inclusion in the bankruptcy estate of past and future social security proceeds. In re Carpenter, 614 F. 3d 930 (8th Cir. 2010); See also; In re Buren, 725 F. 2d 1080 (6th Cir. 1984)(The Sixth Circuit held that the Bankruptcy Reform Act of 1978, 11 U.S.C. §§1-1330, did not repeal by implication the antiassignment provision of the Social Security Act of 1935, 42 U.S.C. §407, that bars the assignment of benefits). However, Section 101(10A)(B) does not "...preclude Debtors from voluntarily devoting a portion of that income to a chapter 13 plan or that prevents the Court from considering that income in evaluating the feasibility of a plan proposed by Debtors." In re Schanuth, 342 B.R. 601, 605 (Bankr. W.D. Mo. 2006).

---

[2] Section 101(10A)(B) provides:
includes any amount paid by any entity other than the debtor (or in a joint case the debtor and the debtor's spouse), on a regular basis for the household expenses of the debtor or the debtor's dependents (and in a joint case the debtor's spouse if not otherwise a dependent), but excludes benefits received under the Social Security Act, payments to victims of war crimes or crimes against humanity on account of their status as victims of such crimes, and payments to victims of international terrorism (as defined in section 2331 of title 18) or domestic terrorism (as defined in section 2331 of title 18) on account of their status as victims of such terrorism." 11 U.S.C. §101(10A)(B).

[3] 42 U.S.C. §407 provides in part:
"(a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law.

(b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section." 42 U.S.C. §407.

In order for a Chapter 13 plan to be confirmed, the same must be proposed in good faith. 11 U.S.C. §1325(a)(3). The term "good faith" is not statutorily defined. Good faith is determined on a case by case basis employing the totality of the circumstances analysis to the facts of the case. See In re Slade, 15 B.R. 910, 911 (9th Cir. B.A.P. 1981); In re Stitt, 403 B.R. 694, 703 (Bankr. D. Idaho 2008). The Sixth Circuit has held that bankruptcy courts should consider the following non-exclusive factors as part of the totality of the circumstances analysis to determine whether a Chapter 13 plan was proposed in good faith, namely: (1) the amount of the proposed payments and the amount of the debtor's surplus; (2) the debtor's employment history, ability to earn, and likelihood of future increase in income; (3) the probable or expected duration of the plan; (4) the accuracy of the plan's statements of the debts, expenses, and percentage repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court; (5) the extent of a preferential treatment between classes of creditors; (6) the extent to which secured claims are modified; (7) the type of debt sought to be discharged and whether any such debt is nondischargeable in Chapter 7; (8) the existence of special circumstances such as inordinate medical expenses; (9) the frequency with which a debtor has sought relief under the Bankruptcy Reform Act; (10) the motivation and sincerity of the debtor in seeking Chapter 13 relief; (11) the burden which the plan's administration would place upon the trustee; and (12) whether the debtor is attempting to abuse the spirit of the Bankruptcy Code. In re Caldwell, 895 F. 2d 1123, 1126-27 (6th Cir. 1990); Smyrnos v. Padilla (In re Padilla), 213 B.R. 349, 352 (B.A.P. 9th Cir. 1997). In employing the totality of the circumstances analysis, "[t]he trick seems to be not placing too much weight on any single factor, but in the court's looking at how a number of factors in any given case operate together to betray a plan proposed in bad faith." In re McLaughlin, 217 B.R. 772, 775-76 (Bankr. W.D. Tex. 1998) (citing L. Clark & S. Lane, *Having Faith in Good Faith Analysis*, 683 PLI/Comm.) (669 Practicing Law Institute 1994). This methodology is consonant with the purpose of the good faith analysis which centers on whether the debtor filed his proposed plan with "honesty of intention," namely in conformity with the spirit and purpose of the law or for debt avoidance purposes through manipulation of the Code. See In re Paley, 390 B.R. 53, 58 (Bankr. N.D. N.Y. 2008); In re Ochs, 283 B.R. 135, 137 (Bankr. E.D.N.Y. 2002).

In the instant case, the Chapter 13 trustee indicates that Debtors' unreasonable educational

expenses hamper their good faith in proposing their plan, since they are not making an honest good faith effort to repay the maximum amounts possible to their creditors. However, the trustee fails to address the issue of statutory exclusion of benefits received under the Social Security Act as a component of current monthly income pursuant to Section 101(10A)(B). Notwithstanding, Debtors' exclusion from plan payments of the Social Security benefits received by their two (2) children does not, by itself, contribute to a finding that the plan was proposed in bad faith pursuant to Section 1325(a)(3). See In re Thompson, —B.R.—, 2010 WL 3583400 (B.A.P. 8th Cir. 2010) ("It would be inconsistent to say that the Debtors acted in bad faith simply by failing to devote to their plan money that was never property of their estate in the first instance."). At this juncture, this court concludes that benefits received under the Social Security Act is not a component of disposable income under Sections 101(10A) or 1325(b)(2), given that the same is statutorily excluded. However, this statutory exclusion does not impede a debtor from contributing such monies to the plan for feasibility purposes. Debtors' proposed plan contemplates the inclusion of the monthly disability payments which amount to $1,550.00 which Debtor Luis Francisco Concepción receives under the Social Security Act. This court holds that the Chapter 13 Trustee's sole indication that Debtors are not contributing all of the benefits received under the Social Security Act does not by itself warrant a finding of bad faith under Section 1325(a)(3). However, Debtors must submit to the Chapter 13 Trustee evidence of the prorated month expense of $200.00 ($2,400 yearly for two minors) for school books, materials, uniforms listed as part of line item #17- Other on Schedule J-Current Expenditures Of Individual Debtor(s) and provide documentary evidence to resolve the difference in tuition expense noted by the Chapter 13 trustee, given Debtors list tuition expense of $770.00 while the Chapter 13 Trustee notes that at the meeting of creditors, the Debtors indicated that yearly tuition expense for their eldest son amounted to $5,490.00 and $4,650.00 for their youngest son which amounts to $845.00 monthly. Lastly, this court declines to address the issue of adequacy of public instruction in Puerto Rico. This court cannot take judicial notice of the same under Fed. R. Evid. 201(b), in spite of the fact that the effectiveness and efficiency of the Puerto Rico Department of Education has recently been under public scrutiny.

## Conclusion

(1) The Chapter 13 trustee's objection to confirmation is hereby denied. (2) Debtors shall provide the Chapter 13 trustee with the information mentioned above within fourteen (14) days. (3) The hearing on confirmation is hereby scheduled for November 23, 2010 at 9:30 a.m.

SO ORDERED.

In San Juan, Puerto Rico, this 5th day of October 2010.

*Enrique S. Lamoutte*
United States Bankruptcy Court

8